```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE         *    MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                       Case No.
LIABILITY LITIGATION              *    4:14-cv-117 (S. MACK)
_____
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Stephanie Mack was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mack brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mack also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Mack's claims are barred by the applicable statute of limitations. For the reasons set forth below, the Court disagrees, and Mentor's Motion for Summary Judgment (ECF No. 22 in 4:14-cv-117) is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Mack, the record reveals the following. Mack lived in Idaho during the timeframe relevant to this action, and all relevant medical treatment occurred in Idaho. On February 2, 2005, Dr. Ralph Nishitani implanted Mack with ObTape to treat her stress urinary incontinence. At a follow-up visit approximately three weeks later, Dr. Nishitani observed that the incision site had reopened and a portion of Mack's ObTape was exposed through the opening. Dr. Nishitani removed the mid-portion of the exposed ObTape because he was concerned it may have been contaminated by bacteria in Mack's vagina; then he reclosed the opening. In her Complaint, Mack alleged that she suffered the following injuries caused by ObTape: "removal surgery, pain, dyspareunia, urinary problems, recurrence and worsening of incontinence and multiple

2

infections." Compl. ¶ 12, ECF No. 1 in 4:14-cv-117. Mack has since abandoned any claims based on the removal surgery. In her deposition, Mack emphasized that she is not basing any of her claims on the removal surgery, and she does not contend that the removal surgery was necessary because of an issue with ObTape. Neither party pointed to any evidence on what caused Mack's incision site to reopen. In other words, the present record does not support a finding that the ObTape was the undisputed mechanism that led to the opening of the incision site.

Mack filed her Complaint on May 14, 2014. *See generally* Compl., ECF No. 1 in 4:14-cv-117. Mack asserts claims for personal injury under the following theories: negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of express and implied warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

## DISCUSSION

Mack filed her action in this Court under the Court's direct filing order. The parties agree that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Idaho's choice-of-law rules thus apply, and the parties agree that Idaho law applies to Mack's claims.

Mentor argues that Mack's claims are time-barred. "The statute of limitations is an affirmative defense which must be pleaded and proved by the defendant." *Hawley v. Green*, 788 P.2d 1321, 1327 (Idaho 1990). Under Idaho law, a product liability claim must be brought within two years "from the time the cause of action accrued." Idaho Code § 6-1403(3). A cause of action for any injury to the person (including warranty claims) must also be brought within two years after it accrues. Idaho Code § 5-219(4) (listing two statutory exceptions that do not apply here).

A cause of action accrues when the injury caused by the defendant's conduct occurs. *Davis v. Moran*, 735 P.2d 1014, 1019-20 (Idaho 1987) (finding a factual dispute on when the plaintiff's physical injury due to radiation exposure occurred). In other words, the plaintiff must suffer "some damage" that is caused by the defendant's act or omission. *City of McCall v. Buxton*, 146 Idaho 656, 659, 201 P.3d 629, 632 (2009) (noting, in the context of a professional malpractice case, that "the 'some damage' that has occurred must be damage that the client could recover from the professional in an action for malpractice"). So, where a "functional defect (and its symptomology) does not occur at all until" after the act or omission complained of, the Idaho courts construe the statutes "flexibly to avoid absurd results." *Davis*, 735 P.2d at 1019. The Court may not

4

"speculate as to the existence of damage." *Hawley*, 788 P.2d at 1327 (concluding that summary judgment was improper because the plaintiff's medical malpractice action for failure to diagnose a tumor did not accrue until the tumor became dangerous to the plaintiff's health, and there was no evidence at summary judgment that the tumor was dangerous at the time of the failure to diagnose).

Here, Mentor contends that Mack first suffered some damage caused by ObTape when Mack's doctor had to reclose her incision site three weeks after her implant surgery. Although the doctor had to remove a small portion of the ObTape because he was concerned that it may have been exposed to bacteria, there is no evidence in the present record that the reclosure surgery was necessitated by an erosion of the ObTape as opposed to some other surgical complication that caused the incision site not to heal properly following the implant surgery. This conclusion is supported by the fact that Mack apparently had no other problems after the reclosure until several years later. A genuine factual dispute exists as to whether ObTape was the mechanism that contributed to the opening of the surgical site three weeks post-surgery.

In support of its argument that Mack's claims accrued on the date of the reclosure surgery, Mentor relies on an Idaho District Court case, *Chariton v. Ethicon, Inc.*, No. 2:13-CV-

5

00364-BLW, 2014 WL 1689738 (D. Idaho Apr. 29, 2014).  In *Chariton*, the plaintiff was implanted with a hernia mesh; several years later, she experienced problems due to disintegration of the mesh.  *Id.* at *3.  The District Court found that the plaintiff's claims accrued when she first experienced problems caused by disintegration of the mesh—which was the damage at issue in the plaintiff's lawsuit.  *Id.*  The plaintiff did not file her claims within two years of the surgery that revealed the disintegrated mesh, so her claims were time-barred.  *Id.* at *3; *accord Theriault v. A.H. Robins Co.*, 698 P.2d 365, 370 (Idaho 1985) (finding that the plaintiff's claims accrued, at the latest, when the intrauterine device that caused her pelvic infection symptoms was removed).

Both *Chariton* and *Theriault* are distinguishable.  Both plaintiffs suffered adverse symptoms years after placement of a medical device, and both plaintiffs asserted that these adverse symptoms were caused by a defect in the device.  Again, the damage that starts the statute of limitations clock must be damage that the plaintiff can recover for in a product liability action—damage that was caused by the product.  Therefore, if a reasonable jury could *only* conclude from the present record that the reopening (or failure to heal) of the incision site shortly after Mack's surgery was connected to ObTape, then the Court would have to find as a matter of law that Mack's claim accrued

6

on the date of the reclosure surgery. But that is not what the present record establishes. A reasonable jury could conclude that ObTape was the mechanism for the opening of the surgical site. But Mentor did not point to sufficient evidence for the Court to exclude the reasonable possibility that the site opened simply because the incision failed to heal properly for reasons unrelated to the ObTape, or that the surgical procedure itself contributed to the opening. For these reasons, a genuine factual dispute exists as to when an ObTape-related physical injury occurred to Mack which would commence the running of the statute of limitations under Idaho law. Thus, the Court cannot find as a matter of law that Mack's claim accrued when Mack had the reclosure surgery in 2005.

To avoid misinterpretation of today's ruling, the Court emphasizes that its decision does not rest on the fact that Mack has decided not to pursue damages for the reclosure surgery. Rather, Mack's claims are not barred by the statute of limitations as a matter of law because a genuine dispute exists as to whether her reclosure surgery was necessitated by a physical injury caused by ObTape. To be even more precise, a genuine factual dispute exists as to when Mack experienced a physical injury that would commence the running of the statute of limitations. The circumstances surrounding the present motion for summary judgment are distinctly different from other

cases the Court has reviewed in this multidistrict litigation proceeding. In those other cases where a revision surgery was required to remove exposed ObTape, the undisputed evidence established that the revision surgery was necessary because the ObTape had eroded through the plaintiff's bodily tissues, had become exposed, and caused adverse symptoms that prompted the plaintiff to seek additional medical treatment from her doctor. Here, the present record does not support a conclusion by the Court that a reasonable factfinder could *only* find that an erosion occurred that caused the ObTape to become exposed. The present record also does not definitively establish that Mack visited Dr. Nishitani because she had adverse symptoms ostensibly related to the ObTape. Instead, the present record would permit a reasonable factfinder to conclude that during a routine surgical follow-up visit, Dr. Nishitani found that Mack's surgical incision site had not healed and that her ObTape had become exposed; but Dr. Nishitani did not diagnose Mack with an erosion of the ObTape at that time. For all of these reasons, the Court concludes that Mentor has not met its burden of establishing that the statute of limitations bars Mack's claims as a matter of law.[1]

---

[1] This ruling does not mean that Mentor may not eventually prevail on its statute of limitations defense, but it is not entitled to prevail *as a matter of law* based on the present record.

CONCLUSION

For the reasons discussed above, Mentor's Motion for Summary Judgment (ECF No. 22 in 4:14-cv-117) is denied.

Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 21st day of October, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA